**HALL & EVANS, LLC**
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
TANYA M. FRASER, ESQ.
Nevada Bar No. 13872
OMAR NAGY, ESQ.
Nevada Bar #15293
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022
nvefile@hallevans.com
*Attorneys for Walmart*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA
* * *

| | |
|---|---|
| JACQUELINE FILLIS-LONGWILL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART ASSOCIATES, INC, a Foreign Corporation dba WALMART SUPERCENTER #2106; DOE EMPLOYEE, an individual; DOES 1I through 20X, inclusive, and ROE CORPORATIONS 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:23-CV-00623-GMN-EJY<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties to this action, Plaintiff JACQUELINE FILLIS-LONGWILL and Defendant WALMART ASSOCIATES, INC., a Foreign Corporation dba WALMART SUPERCENTER #2106 ("Walmart"), by and through their respective counsel, hereby stipulate and request that the Court enter a stipulated protective order pursuant as follows:

1. The Protective Order shall be entered pursuant to *the Federal Rules of Civil Procedure*.

2. The Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

    a) Any and all documents referring or related to confidential and proprietary human resources or business information; financial records of the parties; compensation of Defendant's current or former personnel; policies, procedures, and/or training materials of Defendant and/or Defendant's organizational structure;

    b) Any documents from the personnel, medical, or workers' compensation file of any current or former employee or contractor;

    c) Any documents relating to the medical and/or health information of any of Defendant's current or former employees or contractors;

    d) Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits (this does not include video of the subject incident);

    e) Any copies of Plaintiff's medical records, including but not limited to, records regarding mental health, physical conditions, and social security disability.

3. In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by (1) identifying said documents as confidential in either parties' NRCP 16 disclosures; (2) placing the following legend on the face of the document and each page so designated "CONFIDENTIAL"; or (3) otherwise expressly identified as confidential via written correspondence. Defendant Walmart will use its best efforts to limit the number of documents designated Confidential.

4. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient.

5. Qualified recipients shall include only the following:

    a) In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

    b) Deposition notaries and staff;

    c) Persons other than legal counsel who have been retained or specially employed by a party as a consultant and/or expert witness for purposes of this lawsuit, including

focus groups and video editors, or to perform investigative work or fact research;

d) The parties to this litigation, their officers and professional employees.

e) Deponents during the course of their depositions or potential witnesses of this case; and

f) Others specifically identified and authorized in writing by the Producing Party.

6. Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order. Persons to whom confidential information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court.

7. Before showing or divulging any Confidential Information to any (1) deponent, (2) retained expert, or (3) focus group company, counsel shall first obtain from each such person a signed "Written Assurance" in the form attached hereto as **Exhibit A**.

8. If any party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing thirty (30) days before trial that the information should not be so deemed.

9. The parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If an agreement is unable to be reached, counsel for the objecting party and counsel for the designating party shall formally meet and confer in person or telephonically. Following this conference, if the parties are still unable to resolve their dispute, then the designating party will then have fourteen (14) calendar days after the conference to file a motion to preserve the confidentiality designation. The burden of proof to demonstrate confidential treatment of any information at all times remains with the designating party. The parties shall treat the documents as the subject to this Stipulation and Order unless the designating party has failed to file a motion within the time allowed or the Court has denied the motion. Pending a resolution of the motion by the Court, any and all existing designations on the documents at issue in such motion shall remain in place.

10. Any party that inadvertently discloses or produces in this action a document or information that it considers privileged or otherwise protected from discovery, in whole or in part, shall not be deemed to have waived any applicable privilege or protection by reason of such disclosure or production if, within 14 days of discovering that such document or information has been disclosed or produced, the producing party gives written notice to the receiving party identifying the document or information in question, the asserted privileges or protection, and the grounds there for, with a request that all copies of the document or information be returned or destroyed. The receiving party shall return or destroy the inadvertently disclosed documents, upon receipt of appropriately marked replacement documents.

11. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated Confidential pursuant to this Order.

12. Within thirty (30) days of the final adjudication or resolution of this Lawsuit, the party receiving Confidential Information shall destroy all copies and reproductions thereof.

13. Nothing in this Order shall be construed as an admission to the relevance, authenticity, foundation or admissibility of any document, material, transcript or other information.

14. Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

KB/20147-27

IT IS SO STIPULATED.

| | |
|---|---|
| DATED this 14th day of May, 2024. | DATED this __ day of May, 2024. |
| **THE POWELL LAW FIRM** | **HALL & EVANS, LLC** |
| */s/Kirill V. Mikhaylov* | */s/ Kurt R. Bonds* |
| KRISTOPHER M. HELMICK, ESQ. | KURT R. BONDS, ESQ. |
| Nevada Bar No. 13348 | Nevada Bar No. 6228 |
| KIRILL V. MIKHAYLOV, ESQ. | TANYA M. FRASER, ESQ. |
| Nevada Bar No. 13538 | Nevada Bar No. 13872 |
| PACIFIC WEST INJURY LAW | 1160 North Town Center Drive |
| 6830 S. Rainbow Blvd., Ste. 200 | Suite 330 |
| Las Vegas, Nevada 89118 | Las Vegas, Nevada 89144 |
| Phone: (702) 602-4878 | (702) 998-1022 |
| Fax: (702) 665-5627 | nvefile@hallevans.com |
| Kris@PacificWestInjury.com | *Attorneys for Defendant Wal-Mart Stores, Inc.* |
| Kirill@PacificWestInjury.com | |
| *Attorneys for Plaintiff* | |

**ORDER**

The terms of the above stipulation for a protective order by and between Plaintiff JACQUELINE FILLIS-LONGWILL and Defendant WALMART ASSOCIATES, INC., a Foreign Corporation dba WALMART SUPERCENTER #2106, by their respective counsel, shall hereby be the ORDER of this Court. IT IS SO ORDERED.

May 14, 2024
DATED

_____
UNITED STATES MAGISTRATE JUDGE

Submitted by:

HALL & EVANS, LLC

*/s/ Kurt R. Bonds*
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
TANYA M. FRASER, ESQ.
Nevada Bar No. 13872
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022
nvefile@hallevans.com
*Attorneys for Defendant*