KRISTOPHER M. HELMICK, ESQ.
Nevada Bar No. 13348
KIRILL V. MIKHAYLOV, ESQ.
Nevada Bar No. 13538
BOHDEN G. COLE, ESQ.
Nevada Bar No. 15719
CHRISTOPHER L. CABANILLA, ESQ.
Nevada Bar No. 16053
**PACIFIC WEST INJURY LAW**
8180 Rafael Rivera Way #200
Las Vegas, NV 89113
Phone: (702) 602-4878
Fax: (702) 665-5627
Kris@PacificWestInjury.com
Kirill@PacificWestInjury.com
Bohden@PacificWestInjury.com
Christopher@PacificWestInjury.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JACQUELINE FILLIS-LONGWILL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART ASSOCIATES, INC, a Foreign Corporation dba WALMART SUPERCENTER #2106; DOE EMPLOYEE, an individual; DOES 1I through 20X, inclusive, and ROE CORPORATIONS 1 through 20, inclusive,<br><br>Defendants. | Case 2:23-cv-00623-GMN-EJY<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**(Sixth Request)** |

IT IS HEREBY STIPULATED by and between Plaintiff JACQUELINE FILLIS-LONGWILL, by and through her counsel of record, PACIFIC WEST INJURY LAW, and Defendant WALMART ASSOCIATES, INC., by and through its counsel of record, the law firm of LEWIS BRISBOIS BISGAARD & SMITH, LLP that discovery in this matter shall be extended for sixty (60) days.

**I.      DISCOVERY COMPLETED TO DATE**

1.     All parties have exchanged F.R.C.P. 26(f) Disclosures of Witnesses and Exhibits and supplements thereto, and continue to supplement the same;

2. Plaintiff has propounded one set of Requests for Production of Documents, one set of Requests for Admissions, and one set of Interrogatories and received responses;

3. Defendants have propounded one set of Requests for Production of Documents, Requests for Admissions, and Interrogatories and received responses;

4. Defendants deposed Plaintiff;

5. The parties have made Initial expert disclosures;

6. Defendant served Rebuttal expert disclosures;

7. The parties began Defendant's 30(b)(6) deposition.

## II. DISCOVERY TO BE COMPLETED

1. Deposition of Walmart's 30(b)(6).

## III. REASON FOR REQUESTED CONTINUANCE

The parties respectfully submit, pursuant to Local Rule 26-3, that good cause exists for the following requested extension. This Request for an extension of time is not sought for any improper purpose other purpose of delay. Good cause exists for the following reasons.

The parties' first request to extend discovery was due to limited expert availability and the possibility of Plaintiff pursing further treatment. The parties' second request to extend discovery was due to Plaintiff's expert requiring additional time to finalize his report, Plaintiff's Counsel being unavailable to complete discovery due to trial preparation for another trial, and change in Defendant's handling attorney, which required additional time for the new attorney to get up to speed with the matter. The parties' third request to extend discovery was due to Plaintiff' Counsel requiring additional time to finalize Plaintiff's future medical expenses, continued exchange of written discovery pertinent to Plaintiff's claims, delay related to execution of a stipulated protective order required by defendant to disclose Defendant's confidential and trademark information, and schedule the deposition of Walmart's 30(b)(6) witness. Pursuant to this extension, Plaintiff began the deposition of Walmart's 30(b)(6) witness, however, during the beginning of the deposition the parties agreed that Walmart's 30(b)(6) witness needed to prepare and agreed to continue his deposition. However, due to witness's personal limitations the parties have been unable to depose him a second time. The parties' fourth request to extend discovery was due to unavailability of Defendant's

30(b)(6) witness due to the death of his father. The Witness was on bereavement leave for approximately 1.5 months.

Walmart's 30(b)(6) witness ("Witness") returned from bereavement leave on or around October 15, 2024, and was scheduled for a deposition on November 14, 2024. However, on November 7, 2024, the Witness informed Defendant's prior counsel, Hall & Evans, that he is involved in a difficult child custody case involving his special needs son with his former spouse and as a result is unavailable for the scheduled deposition. His attorney has informed him that he should be available by mid to late December 2024. In the parties' prior request for discovery extension, Defendant's prior counsel indicated that if the 30(b)(6) witness is unavailable by December 16, 2024, then Defendant will identify someone else as their 30(b)(6) witness.

On December 28, 2024, Plaintiff's counsel inquired of Defendant's prior counsel, Hall & Evans, regarding Defendant's 30(b)(6) availability. On January 6, 2025, Defendant's prior counsel, Hall & Evans, advised Plaintiff that "this file is in the process of being moved to Lewis Brisbois." On January 17, 2025, the Court entered an Order Granting Notice of Substitution of Attorney, Lewis Brisbois Bisgaard & Smith LLP substitutes in place and stead of Hall & Evans. Plaintiff's counsel and Defendant's new counsel have discussed the outstanding issue of deposing Defendant's 30(b)(6) witness. Defendant's counsel has been working to get caught up to speed on the file and has been working with Defendant to identify a new 30(b)(6) witness. The parties request to extend the discovery cut off and pre-trial deadlines solely to allow the deposition of Walmart's 30(b)(6) witness deposition.

**IV.  PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY**

Based on the foregoing, the parties agree that good cause exists to extend the discovery deadlines as follows:

|  | Current Deadlines | ~~Proposed~~ **Deadlines** |
|---|---|---|
| Close of Discovery | February 14, 2025 | **April 15, 2025** |
| Motion to Amend/Add Parties | March 18, 2024 | **Closed** |
| Initial Expert Disclosures | April 15, 2024 | **Closed** |
| Rebuttal Expert Disclosures | May 17, 2024 | **Closed** |

| | Dispositive Motions | March 14, 2025 | **May 13, 2025** |
|---|---|---|---|
| | Joint Pre-Trial Order | April 14, 2025 | **June 13, 2025** |

DATED this 14th day of February, 2025.

**PACIFIC WEST INJURY LAW**

*/s/ Kirill V. Mikhaylov*
KRISTOPHER M. HELMICK, ESQ.
Nevada Bar No. 13348
KIRILL V. MIKHAYLOV, ESQ.
Nevada Bar No. 13538
BOHDEN G. COLE, ESQ.
Nevada Bar No. 15719
CHRISTOPHER L. CABANILLA, ESQ.
Nevada Bar No. 16053
8180 Rafael Rivera Way #200
Las Vegas, NV 89113
*Attorneys for Plaintiff*


DATED this 14th day of February 2025

LEWIS BRISBOIS BISGAARD & SMITH LLP

*/s/ Rachel Shelstad*
DARRELL D. DENNIS, ESQ.
Nevada Bar No. 006618
RACHEL L. SHELSTAD, ESQ.
Nevada Bar No. 13399
MANUEL GURULE, ESQ.
Nevada Bar No. 15926
6385 S. Rainbow Blvd., Suite 600
Las Vegas, NV 89118
*Attorneys for Defendant*

**ORDER**

IT IS SO ORDERED this 18th day of February 2025.

UNITED STATES MAGISTRATE JUDGE